UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Gene Alfred Palmer II       )
                         )
        Plaintiff,    )   NO.   **2:19-cv-01777-RSL**
                         )
    v.                )   COMPLAINT FOR DAMAGES AND
                         )   DEMAND FOR JURY
King County, a municipal  )
Corporation; King County  )
Prosecutor's Office, a     )
subdivision of King County, )
a municipal corporation;   )
Seattle Police Department, a )
subdivision of City of Seattle)
a municipal corporation;   )
Jenny Durkan and Jane Doe  )
Durkan her wife, individually )
and as former U.S. Attorney; )
US Attorney's Office;      )
SPD Officer Colleen Raftis and)
Husband John Doe Raftis;   )
and John and Jane Does 1    )
through 50 inclusive,     · )
         Defendants.    )
_____)

FILED
LODGED
RECEIVED  MAIL

NOV 01 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY          DEPUTY

      COMES NOW the plaintiff, Gene Alfred Palmer II, Pro Se and for cause of action against defendants states as follows:

JURISDICTION AND VENUE

    1.    Plaintiff is a resident of Washington State.

1

2.    Defendants are residents of King County and US
defendants are actors in Washington State. All acts or omissions
of the defendants who are married are liability of spouses
alleged.

3.    That defendants John and Jane Does 1 through 50,
inclusive, individuals or entities are sued under fictitious
names, their true names and capacities being unknown at this
time to the plaintiff who is informed and believes and thereon
alleges that said defendants are responsible in some manner for
the events and happenings referred to herein, and will ask leave
of the court to amend this complaint to show their true names
and capacities when the same has been determined. Each such
defendant may have been the agent and/or employee of a remaining
defendant and was acting within the course and scope of such
agency and/or employment.

4.    The court has proper jurisdiction over the defendants
and is the proper venue herein due to the residence of the
defendants and the place of acts or omissions alleged.

Jurisdiction and venue is proper in the Western District Court
of Washington pursuant to 42 USC 1983; 28 USC 1343 (1),(3); 28
USC 1367 (a) and US Constitutional Amendments: First, Fifth,
Ninth, and Fourteenth.

2

FACTS

On or about May 28, 2010, plaintiff was involved in an
accident in Seattle, Washington. He and at least one other
witness called 911 and reported the accident and his injury and
assault by Andy Lee. On 6/5/10 plaintiff gave authority to the
Seattle Police Department to collect the 911 recordings and they
did so. Supposedly, the records for the 911 calls were destroyed
by the 911 system and are no longer available through them.
Seattle Police Department personnel say that they provided it to
the King County Prosecutor's Office. Said Office declined to
bring a criminal case and wrote a declining memo indicating that
they had received the 911 records. They supposedly transferred
the file to the Seattle City Attorney's Office, which supposedly
does not have them. Additionally, the Seattle Police Department
received a file from State Farm Insurance Company regarding Andy
Lee's purchasing of insurance through them for the subject of
5/28/10 loss and supposedly the Seattle Police Department
transmitted this file to the King County Prosecutor's Office.
Plaintiff and his attorney repeatedly (e.g.9/3/13 and 11/21/14)
requested full and complete copies of the King County
Prosecutor's Office file regarding the 5/28/10 incident
involving Andy Lee and plaintiff and related materials,
including the 911 records and the Andy Lee State Farm file and
neither documents were ever produced. This in violation of the
Public Records Act RCW 42.56.et seq.

3

A free democracy requires government disclosure of records. Lady justice may be blind-folded, but even she needs to read government records to do justice.

Appellant requested records from the government, which the government admitted existed and then did not produce because they said they did not exist anymore. I sued in King County Superior Court and the government won on summary judgment. Other arms of the government found the fraud in destroying and hiding the records by the government and ultimately disclosed this to the appellant after holding that information for some time, but appellant brought a motion to vacate within a reasonable time after he finally discovered it just recently (2-3 months) before he filed his motion. The trial court denied the motion. The Washington Court of Appeals denied the appeal in error thinking that appellant had the information for 16 months when that was actually the government who had that. This was pointed out very clearly in the motion for reconsideration, but it was denied in a word. The Washington State Supreme Court denied the petition for review within this last month.

In the Washington Court of Appeals 3/4/19 decision at page 7 the court stated that in my "own declaration, Palmer was aware of the purported indictments and fraudulent activity on May 4, 2016…. Here, Palmers 16-month delay in filing his second CR60(b) motion was lengthier than the delay in Luckett. Also, like Luckett, Palmer has no justifiable excuse for the lengthy delay in filing his motion to vacate…. We hold that Palmer's second

4

motion to vacate was not filed within a reasonable time… denying it on CR60(b)(4) and (11) grounds."

This is factually incorrect. While the second CR60(b) motion was filed 16 months after the May 2016 summary judgement, it was indeed filed within a "reasonable time." The court is incorrect in stating that I was aware of purported indictments and fraudulent activity on May 4, 2016. My declaration, dated August 27, 2017, clearly stated that I had only "recently" learned of this from the U.S. Marshalls.

In five places in my declaration dated 8/27/17 I stated very clearly that I only discovered the new evidence of fraud etc. by defendants "recently" to that date. I only discovered these things that summer and brought the CR60(b) motion that very summer.--- within 2 or 3 months of discovery and certainly not 16 months. And this is "reasonable time" for filing: First set of two references to recent time in declaration:

The grounds for vacating the two summary judgment orders of 5/6/16 herein are based on new developments regarding the defendants' King County attorneys Robin Fox and Samantha Kanner fraud, perjury, obstruction of justice, etc. regarding the public disclosure request of plaintiff, the subject of the suit herein. The plaintiff RECENTLY found out they were investigated by the FBI and the Department of the Justice and were RECENTLY indicted by a grand jury in the US District Court for the District of Columbia (Judge Reggie B. Walton overseeing the case) for probable cause conspiracy, making false statements,

5

obstruction of justice, slander, defamation, perjury, and under
18 U.S.C. Title 101 Section 2071 regarding destroying records.

Second set of three references to "recent" time in
declaration: and  RECENTLY I learned that Samantha Kanner and
Robin Fox were RECENTLY indicted by a grand jury in the US
District Court for the District of Columbia (Judge Reggie B.
Walton RECENTLY assigned the case) for probable cause
conspiracy, making false statements, obstruction of justice,
slander, defamation, perjury, and under 18 U.S.C. Title 101
Section 2071 regarding destroying records.
The U.S. Marshalls and federal agents never gave me any
documents or any of this information in 5/16 or any time until
RECENTLY before I filed my 8/27/17 declaration.

My justifiable excuse for the short delay in filing my
motion after learning of these facts recently before filing is
that the U.S. Marshalls and federal enforcement were doing their
investigations and indictments and were not making this
information available to me before that. The significance of the
information is obvious and defendants should not get away with
their fraud.

Pro se litigants pleadings are construed liberally and held
to less stringent standards than formal pleadings drafted by
lawyers, i.e. courts can reasonably read pleading to state valid
claims on what litigants could prevail.  It should do so despite
failure to cite proper legal authority, confusion of legal
theories, poor syntax and construction, or litigants unfamiliar
with pleading requirements.
6

Freeman v. Dept of Corrections 949F2d360 10th Circuit 1991

US v. Detrichs 940F2d37 2nd Circuit

Boag v. Maedouall 454 US 364 70 Lev 2d 551 102  ( 5th Cir) 700 1989

Haines v. Kerner 404 US 579 30 LE 2nd 652925c 9th Circuit 1974

### DEFENDANTS IN CONCERT

I allege that Jenny Durkan and the US Attorney's office acted in concert with Seattle Police Department and Seattle Attorney's Office and King County and King County Prosecutor's Office and SPD Officer Raftis to destroy and prevent me from receiving 911 recording and documents requested under public disclosures and acted to undermine or prevent causes of action against these parties and others. This is described more fully below. It is my understanding that then US Attorney Jenny Durkan, (who brought the Federal case United States v. City of Seattle, Case No. 2:12-cv-01282- JLR (W.D. Wash.) regarding SPD use of excessive force and other improper activities and SPD was placed by the Federal Court under supervision and monitoring for the last many years), destroyed numerous 911 recordings and documents and that this lead to her termination. I was covered by this class action suit and was damaged by her actions.

Clearly the government cannot destroy 911 recordings of open cases or cases on appeal when the public disclosure request

7

has been put in. For example, see the recent case of ABEGG v. STATE OF WASHINGTON ET AL, Snohomish County 08-2-03753-1, a PDR case, David P. Mooney was the attorney, judge ordered WA to pay $100,000, they destroyed 911 recordings and withheld emails.

On 11/16/07 a Person arsoned my RV in Seattle. The City of Seattle turned the case over the King County Prosecutor's office who prosecuted STATE V. _____, King County Superior Court 07-1083916. Without telling me any of their plans and plea hearings in advance, King County Prosecutor's office got the defendant sentenced to three years instead of 10 years for using a bomb and they destroyed the 911 records. We asked for the 911 records for the insurance company and King County Prosecutor's Office told us that the records were destroyed. King County Prosecutor admitted during the later restitution hearing that King County destroyed the recordings. I was told of that hearing and was there. Later I was told that Jennie Durkan's office had actually destroyed the 911 recordings (the case had been sent to the US Attorney's office to consider a bombing charge). This shows a potential conspiracy between US Attorney's office and King County Prosecutor's office regarding the destruction of the 911 recordings.

8

In an 05/2/2011 email from Seattle Chief of Police confirming receipt of the complaint I filed against  SPD Officer Colleen Raftis (Unit 623, badge number 5957) for the assault beating of me after she put a parking infraction on my RV which someone had stolen from Marysville and left on a Seattle street. The email goes on to state that the 911 recordings and other records about the are not avail for public disclosure until the case against officer Raftis is closed, but that in the mean time we can refer to this information under number 11-0154, criminal charges against officer Raftis were sent to King County Prosecutor's office for charging on 4/14/11. On 5/2/11 I requested the 911 recordings and records, but King County admitted they destroyed the records and I never got them. Jenny Durkan, the US Attorney, was ladyfriends with officer Raftis and made this destruction happen.

I was attacked on 7/22/07 in Seattle and called 911. It became Incident Number 07-299932. I put in a public disclosure request for the 911 recording the day after the arrest and the City of Seattle eventually told me that they had destroyed it and gave a lame excuse that the defendant had joined the military and was unavailable so they closed the file and destroyed the recording.

9

Constitutional Violations

The First Amendment guarantees access to public records.
Often Freedom of Information Acts and Public Records Acts are
seen as fulfilling broader First Amendment values, by
facilitating speech about how the government operates and such
information allows exercise of first amendment right to petition
the government for a redress of grievances.

Civil liberties are protections against government actions.
Government, then, cannot interfere in an individual's freedom
and liberty. Amendment I gives the individual "liberty" from the
actions of the government.

There are also many liberties of people not defined in the
Constitution, as stated in the Ninth Amendment: The enumeration
in the Constitution, of certain rights, shall not be construed
to deny or disparage others retained by the people. The right to
information held by the government is central to democracy and
government of the people and I retain that right and given
rights under the Washington State Public Disclosure Act.

Due process rights under the fifth and fourteenth
amendments and equal protection and privileges or immunities of
the citizens of the United States thereunder are guaranteed to

10

US Citizens. Here, the government and other defendants violation
of my lawful right to the information requested violated all
these protections and guarantees and the state courts have
ignored my constitutional rights, which the Federal Court should
correct here.

DAMAGES

As a direct and proximate result of the defendants' acts or
omissions, plaintiff has suffered damages and losses, including
but not limited to daily penalties for nondisclosure of records
of at least the maximum amount allowed under the law, all
damages and losses arising out of dealing with the Andy Lee
criminal trial, appeal and hearings and the plaintiff's civil
law suit and appeal against Andy Lee, and all other hearings and
appeals of the underlying King County Superior Court suit, court
of appeals case, petition to Washington State Supreme Court, and
in this court and all reviews hereof, due to defendants' errors
and omissions in not providing the requested records, including
but not limited to, time spent, emotional distress, incurred
fees and costs, and damages from severe physical injuries,
emotional pain and suffering, mental anguish, loss of enjoyment
of life, loss of wages, loss of earning capacity, and cost of
health care expenses, past and future, and for the loss of
consortium for all possible persons.

11

PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for judgment against
defendants, jointly and severally, and on behalf of their
marital community/communities as follows:

1.   For past and future special damages;

2.   For emotional pain and suffering, mental anguish, and
     loss of enjoyment of life and reduction of expectancy;

3.   For all possible damages or losses of plaintiff rising
     out of the 5/28/10 accident, including, but not limited
     to, past and future partial or permanent disability,
     past and future medical, hospital and other health care
     expenses, lost wages, partial or permanent impairment
     of earnings and loss of earning capacity, property
     damage, and consequential and other damages of
     plaintiff.

4.   For all possible damages or losses of plaintiff rising
     out of the assault by SPD Officer Raftis and the
     defendant in my RV arson case, and assault on 7/22/07
     in Seattle (wherein I was denied my public disclosure
     and damaged thereby for a civil suit and an actual
     criminal suit brought against the defendant),including,
     but not limited to, past and future partial or
     permanent disability, past and future medical, hospital
     and other health care expenses, lost wages, partial or
     permanent impairment of earnings and loss of earning

12

capacity, property damage, and consequential and other damages of plaintiff.

5.  For all consequential and other damages of plaintiff arising out of defendants' acts and omissions;

6.  For costs, attorney's fees and witness and expert fees under RCW 42.56. et seq., RCW 4.84 et seq., including but not limited to, RCW 4.84.250, the Civil Rules, caselaw and equitable principles; the court should award petitioner attorney's fees and costs under equity, Olympic Steamship case, and the civil rules and civil procedure statues; and pursuant to 42 USC 1983; 28 USC 1343 (1),(3); 28 USC 1367 (a) and US Constitutional Amendments: First, Fifth, Ninth, and Fourteenth.

7.  For pre-judgement interest;

8.  For any other relief the court deems just and equitable, or otherwise warranted by the proof in this case.

9.  For an order granting plaintiff the right to amend his Complaint prior to trial, consistent with the evidence and additional information that might be revealed through discovery.

13

DATED this 30th day of October, 2019.

_Gene A Palmer II_
Gene Alfred Palmer II Pro Se Plaintiff