UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENE ALFRED PALMER, II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KING COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. C19-1777RSL<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF |

This matter comes before the Court on (1) "King County Defendants' Motion to Dismiss" (Dkt. # 25), "Federal Defendants' Motion to Dismiss" (Dkt. # 46), "Defendant City of Seattle's Motion to Dismiss Amended Complaint" (Dkt. # 55), and plaintiff's motion for various relief[1] (Dkt. # 57). The Court, having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] finds as follows:

---

[1] The full title of the motion the Court is referencing is "Plaintiff's Motion to Vacate Order Dismissing Defendants Jenny and Jane Doe Durkan and SPD Officer Colleen Raftis and John Doe Raftis; Motion to Extend the Time for Response to Defendants' Motions to Dismiss by 11/2/2020 for a Calendar Date of 11/6/2020 to New Dates; Motion for Shortened Time to Consider the Above Motion to Extend Immediately; Request for Denile [sic] of Motions to Dismiss and Request for Oral Argument by Phone." Dkt. # 57.

[2] The Court finds this matter suitable for disposition without oral argument.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 1

## I. BACKGROUND

On November 1, 2019, plaintiff initiated this action against the following defendants: King County and the King County Prosecutor's Office (collectively, the "King County defendants"); the Seattle Police Department ("SPD"), SPD Officer Colleen Raftis and her husband John Doe Raftis (collectively, the "City defendants"); the United States Attorney's Office ("USAO"), Jenny Durkan individually and in her capacity as former U.S. Attorney, and her wife Jane Doe Durkan, (collectively, the "federal defendants"); and John and Jane Does 1 through 50 (collectively, the "unnamed defendants"). Dkt. #1. Plaintiff alleges that he was involved in an accident on May 28, 2010, and that defendants "acted in concert" to destroy records related to this incident and to other incidents as well. Complaint ¶¶ 6, 17, 19–21.[3] This is not the first time that plaintiff has sought legal relief for alleged destruction of records. Before initiating the current action, plaintiff sued the King County defendants and SPD in King County Superior Court for alleged violations of the Washington State Public Records Act (the "PRA"). Palmer v. King County, 7 Wn. App. 2d 1061, 2019 WL 1014796 (March 4, 2019) (unpublished).[4] The superior court dismissed plaintiff's case on summary judgment. See id. at

---

[3] Plaintiff filed his first complaint with the Court on November 1, 2019, but it appears that the complaint he ultimately served on defendants was an amended version. See Dkts. # 33, # 33-1, # 33-2, # 35, # 35-1, # 36, # 36-2, # 37. The two versions appear identical in substance and appear to differ only in formatting (e.g., adding numbers to paragraphs, modifying the font and spacing, etc.). Compare Dkt. # 1 with Dkt. # 42. The Court cites the amended version (Dkt. # 42) in this Order and will refer to it hereinafter as the "Complaint."

[4] Generally, the Court may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Nevertheless, the Court may take judicial notice of "matters of public record." Id. at 689; see, e.g., Rupert v. Bond, 68 F. Supp. 3d 1142, 1154 (N.D. Cal. 2014); Dauven v. U.S. Bancorp, 390 F. Supp. 3d 1262, 1269 (D. Or. 2019). The Court takes judicial notice of an opinion issued by Division One of the Court of Appeals of the State of Washington in Case No. 77557-0-I, Palmer v. King County, 7 Wn. App. 2d 1061, 2019 WL 1014796 (March 4, 2019) (unpublished), which plaintiff's Complaint references. See Complaint ¶ 8; Dkt. # 25 at 3.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 2

*1; Complaint ¶ 8. Plaintiff filed two motions to vacate the summary judgment orders, which the superior court denied. Palmer, 7 Wn. App. 2d at *1–2. Plaintiff did not appeal from the denial of his first motion to vacate, he abandoned a direct appeal of the summary judgment orders, and he lost his appeal from his second motion to vacate. Id. at *1–4. In the instant complaint, plaintiff contends that "the state courts ignored [his] constitutional rights," and he asks this Court to "correct" the "violation of [his] lawful right to the information requested." Complaint ¶ 25.

On October 16, 2020, the Court issued an Order regarding various motions filed by plaintiff and defendants. The Court dismissed defendants Jenny and Jane Doe Durkan, as well as Colleen and John Doe Raftis, based on plaintiff's failure to effect proper service. Dkt. # 54. The Court also granted plaintiff's motion to continue the motions to dismiss filed by the King County defendants (Dkt. # 25) and the federal defendants (Dkt. # 46), and the motions were re-noted for November 6, 2020. On October 29, 2020, the City defendants filed a motion to dismiss noted for November 20, 2020 (Dkt. # 55).

Plaintiff's responses to the King County defendants' and federal defendants' motions were due on November 2, 2020. Dkt. # 54. On that day, plaintiff did not file responses to those motions,[5] but rather, he filed a multi-purpose motion (Dkt. # 57), seeking the following:[6] (1) reconsideration of the Court's previous Order dismissing defendants Jenny and Jane Doe Durkan, and Colleen and John Doe Raftis;[7] (2) relief from the deadlines to respond to the

---

[5] The Court may treat this failure "as an admission that the motion[s] [to dismiss] ha[ve] merit." LCR 7(b)(2).

[6] The title of plaintiff's motion indicates that plaintiff is also seeking shortened time for consideration of the motion, but motions to shorten time have been abolished in this district. LCR 6(b).

[7] Plaintiff's motion asks the Court to "vacate" the Order dismissing certain defendants. Dkt. # 57 at 2–4. The Court interprets this as a motion for reconsideration because plaintiff appears to argue that the Court's prior ruling was erroneous.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 3

motions to dismiss filed by the King County defendants and federal defendants;[8] and (3) denial of any motions to dismiss.

Plaintiff generically addressed the topic of motions to dismiss in a single sentence: "Any motion to dismiss for failure to state a claim should be denied because clearly Plaintiff's lengthy Amended Complaint meets sufficient notice of allegations and complaint." Dkt. # 57 at 7. Plaintiff failed to address defendants' specific arguments regarding deficiencies in plaintiff's Complaint in his November 2, 2020 filing, or in his numerous filings since that date. See Dkts. # 57, # 59, # 61, # 63.[9]

The Court considers plaintiff's motions for reconsideration and relief from deadlines, and defendants' motions to dismiss, below.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. # 57)

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff argues that the Court erred in dismissing defendants Jenny and Jane Doe Durkan, and Colleen and John Doe Raftis on the basis of plaintiff's failure to effect proper service. The Court previously stated that "[u]nder Rule 4, plaintiff's emailing and mailing via U.S. mail of the

---

[8] Although plaintiff's motion does not name which of the defendants' motions to dismiss he is requesting additional time to respond to, because plaintiff requested an extension of time to file a response from the original date of November 2, 2020, and this was the deadline for plaintiff's response to the motions to dismiss filed by the federal defendants and King County defendants, the Court interprets plaintiff's motion to seek relief from the deadlines associated with those two motions to dismiss (Dkts. # 25, # 46).

[9] The Court acknowledges that in plaintiff's most recent filing, Dkt. # 64, plaintiff appears to take aim at one of the King County defendants' arguments raised in its motion to dismiss (regarding the statute of limitations), as well as one of the arguments raised in the federal defendants' motion to dismiss (regarding prosecutorial immunity), but the filing was more than four months late. Moreover, even if the Court were inclined to grant plaintiff's motion to extend the due date for the responses to the dates plaintiff had requested (November 30, 2020 and December 4, 2020), Dkt. # 57, plaintiff's filing would still be untimely.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 4

| 1 | Summons and Amended Complaint does not constitute proper service upon these defendants."
| 2 | Dkt. # 54 at 2 n.2. Plaintiff contends that the defendants at issue were served by a process
| 3 | company, KKWT Process Services, "at the Mayor's office/City Attorney's office," and in
| 4 | accordance with the written instructions of the City of Seattle Clerk. Dkt. # 57 at 2–3. Plaintiff
| 5 | cites declarations of service (e.g., Dkts. # 36, # 39). The Court already considered the materials
| 6 | plaintiff cites. They show that plaintiff emailed the documents to the Seattle City Clerk. Dkts.
| 7 | # 36, # 39. Emailing the documents in this manner does not accomplish service upon the
| 8 | relevant individuals. See Fed. R. Civ. P. 4(e) (permitting service in compliance with state law in
| 9 | the state where the district court is located,[10] or by personal delivery, delivery at a person's
| 10 | "dwelling or usual place of abode," or delivery to "an agent authorized by appointment or by
| 11 | law to receive service of process."). Plaintiff has failed to persuade the Court that its prior ruling
| 12 | was in error, and the Court DENIES plaintiff's motion for reconsideration.

### III. PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINES (DKT. # 57)

Plaintiff asserts that he needs additional time to respond to the King County and federal defendants' motions because he is *pro se*, he does not e-file or receive pleadings by email, he is battling cancer, and he has undergone various medical procedures. Dkt. # 57 at 4–7. The federal defendants oppose plaintiff's motion and assert that plaintiff has failed to demonstrate good cause for another extension. Dkt. # 58. The Court agrees with the federal defendants. In the Court's previous Order granting plaintiff's motion to continue the motions to dismiss filed by the King County defendants (Dkt. # 25) and the federal defendants (Dkt. # 46), the Court explicitly warned plaintiff that his "failure to timely respond to the motions to dismiss may result in dismissal of his claims without prejudice." Dkt. # 54. The Court also "admonish[ed]

---

[10] Pursuant to Washington State Superior Court Civil Rule 5(b)(7), Washington State permits service to be made by "electronic means," but only where the means have been "consented to in writing by the person served or as authorized under local court rule." Plaintiff has presented no evidence or argument establishing compliance with this requirement.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 5

plaintiff for his disregard of the rules, and advis[ed] him that future requests for extensions may be denied." Dkt. # 54. Because plaintiff has already received significant additional time to respond these motions, the Court DENIES plaintiff's motion for further relief from the deadlines associated with the federal and King County defendants' motions for dismissal.

### IV. KING COUNTY DEFENDANTS' MOTION TO DISMISS (DKT. # 25)

The King County defendants argue that dismissal is appropriate for three reasons: the applicable statute of limitations bars plaintiff's claims, plaintiff fails to state a claim upon which relief can be granted, and plaintiff failed to properly serve defendants. See Dkt. # 25. Ultimately, the Court concludes that dismissal is appropriate on the basis of the second argument proffered by the King County defendants under Rule 12(b)(6).

**A.  Rule 12(b)(6) Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court presumes all well-pleaded allegations to be true and draws reasonable inferences in favor of the non-moving party. See, e.g., In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). And the Court must construe a *pro se* plaintiff's pleadings liberally and afford him or her the benefit of the doubt. See, e.g., Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). That said, the facts must allow the Court "to infer more than the mere possibility of misconduct[.]" Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. If a plaintiff's complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. See, e.g., Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015).

### B. Rule 12(b)(6) Dismissal Based on Statute of Limitations

Turning to the King County defendants' first argument, the Court is not convinced that the statute of limitations has run in this case. The Court may dismiss a claim under Rule 12(b)(6) on the ground that the claim is barred by the applicable statute of limitations if "running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)). Based on the Complaint, plaintiff appears to be seeking relief pursuant to 42 U.S.C. § 1983 for violation of rights protected by the U.S. Constitution or created by federal statute. See Complaint ¶¶ 5, 22–25. Plaintiff alleges that the King County defendants violated his rights by wrongfully denying him access to public records. Id. ¶¶ 6–25. Claims brought under 42 U.S.C. § 1983 borrow the forum state's statute of limitations for personal injury claims, and the Ninth Circuit has identified RCW 4.16.080(2) as providing the relevant limitations period. Rose v. Rinaldi, 654 F.2d 546, 547 (9th Cir. 1981); Vermillion v. Lacey Police Department, No. 3:17-cv-05514-RJB, 2017 WL 5009696, at *2 (W.D. Wash. Nov. 2, 2017). RCW 4.16.080(2) provides that personal injury actions must be commenced within three years.

The Complaint appears to concern conduct regarding the King County defendants' involvement in public records requests made by plaintiff around 2011 and 2013–2014 and related to incidents in 2010 and 2007. See Complaint ¶¶ 6, 19–21, 27. The Complaint also alleges, however, that the King County defendants engaged in fraudulent activity in destroying and hiding public records and that plaintiff did not discover this activity until approximately two to three months before he filed his second motion to vacate the superior court's entry of summary judgment in the government's favor, i.e., around June or July of 2017. See Complaint ¶¶ 8–15; Palmer, 7 Wn. App. 2d at *1 (reflecting that plaintiff's second motion to vacate was filed on September 5, 2017). Washington courts permit equitable tolling of actions where the following predicates are met: "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." Roush v. Lemke, No. C06-1055Z, 2007 WL 1309538, at

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 7

*2 (W.D. Wash. May 2, 2007). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993)). The Court presumes, as it must, that plaintiff's allegations regarding defendants' fraudulent activity are true. Thus, it is possible that plaintiff may be able to prove a set of facts under which this action could be timely such that Rule 12(b)(6) dismissal based on the running of the statute of limitations would be premature.

**C.    Rule 12(b)(6) Dismissal for Failure to State a Claim**

The King County defendants also argue that dismissal is appropriate for failure to state a claim upon which relief may be granted because plaintiff's complaint lacks a cognizable legal theory, and the Court agrees. Dkt. # 25 at 4–5; see Fed. R. Civ. P. 12(b)(6). As observed above, plaintiff seems to be seeking relief pursuant to 42 U.S.C. § 1983 for violation of rights protected by the U.S. Constitution or created by federal statute, see Complaint ¶¶ 5, 22–25, but § 1983 claims do not arise from violations of state law such as the PRA. See Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 105 (1989) ("As the language of [§ 1983] plainly indicates, the remedy encompasses violations of federal statutory as well as constitutional rights."). To state a claim under § 1983, a plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986). Plaintiff states in his Complaint that the First Amendment guarantees access to public records. Complaint ¶ 22. Plaintiff also asserts that defendants violated his due process rights, as well as "equal protection and privileges or immunities," by violating what he claims is his lawful right to information. Complaint ¶ 25. The Court is not aware of any precedent recognizing a federal right of access to the records at issue under any of the constitutional provisions referenced by

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 8

defendant, nor has plaintiff cited any such precedent. The Supreme Court has "repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws." McBurney v. Young, 569 U.S. 221, 232 (2013); see Houchings v. KQED, Inc., 438 U.S. 1, 14 (1978) ("There is no discernible basis for a constitutional duty to disclose [government information].").

In addition to the alleged deprivations under the Constitution, plaintiff also refers to FOIA, a federal statute, once in his Complaint. Complaint ¶ 22. This reference does not support a workable theory for relief either. "A federal statute may confer rights enforceable through an action under § 1983 if it unambiguously manifests the intent to create a private federal right and provides a private remedy." Raher v. Fed. Bureau of Prisons, No. CV-09-526-ST, 2011 WL 466902, at *3 (D. Or. Feb. 2, 2011) (citing Gonzaga Univ. v. Doe, 563 U.S. 273, 283–84 (2002)). FOIA does not unambiguously manifest such an intent and does not confer rights enforceable under § 1983. Id. at *3–4; see also Moyston v. O'Mara, 2009 WL 2854429 at *13 (D.N.H. Aug. 31. 2009) (plaintiff failed to state a claim under § 1983 based on FOIA because FOIA only imposes disclosure requirements on federal agencies); Neff v. Walker, No. 09 0386, 2009 WL 498071 (D.D.C Feb. 26, 2009) (same). Additionally, the King County defendants are not a federal agency subject to FOIA, and even if FOIA were applicable, plaintiff does not allege that he made a FOIA request or that he exhausted his administrative options under FOIA. See 5 U.S.C. § 552(a)(2) (providing that an agency must make records available upon any request made in accordance with the agency's procedures); West v. Jackson, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) ("The failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust."). Moreover, a local government is only subject to § 1983 liability if its policies or customs caused the injury at issue. King v. Cnty. of Los Angeles, 885 F.3d 548, 556 (9th Cir. 2018) (citing Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690–91 (1978)). Yet plaintiff fails to allege that any destruction of records occurred pursuant to a policy or custom implemented by the King County defendants.

Therefore, plaintiff has failed to allege any constitutional provision or federal law granting him a federal right of access to the public records at issue. See Robinson v. Turner, No. C14-5274 RJB, 2015 WL 3408756, at *5 (W.D. Wash. May 27, 2015) (finding that plaintiff failed to state a "federal constitutional claim" regarding the denial of his public records request and granting defendants' motion to dismiss); Palmer v. City of Prescott, No. CV-10-8013-PCT-DGC, 2010 WL 5108751, at *2 (D. Ariz. Dec. 9, 2010) (finding that plaintiff failed to allege a constitutional provision or federal law granting a federal right of access to a city's public records). Therefore, the Court finds that plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Court GRANTS the King County defendants' motion to dismiss on this basis.

### D. Dismissal for Insufficient Service of Process

Although the Court has already determined that the claims against the King County defendants must be dismissed, the Court will briefly address the King County defendants' arguments regarding insufficient service of process. The King County defendants' motion to dismiss predated service efforts undertaken by plaintiff after the King County defendants' filed their motion to dismiss. See Dkt. # 54 at 2 (Order summarizing plaintiff's service efforts). Plaintiff first attempted to fulfil his service obligations by providing the Summons and Complaint via United States mail within the 90-day time limit for service, see Dkt. # 6, but this did not constitute proper service per Rule 4 of the Federal Rules of Civil Procedure. The Court issued an Order to show cause why the Complaint should not be dismissed for lack of service with plaintiff's response due by February 27, 2020. Dkt. # 8. Plaintiff then attempted to fulfil his service obligations using certified mail within the timeline set by the Court. See Dkts. # 12–13. This attempt still did not constitute proper service per Rule 4. Eventually, in April of 2020, plaintiff filed proof of service against the King County defendants. Dkt. # 54 at 2 (Order citing Dkts. # 33, # 33-2, # 35, # 36-2). Given the health challenges plaintiff brought to the Court's attention in his motions for continuing defendants' motions to dismiss ("I am battling cancer and

have had 2 recent surgeries"), Dkts. # 45, # 49, his initial efforts to fulfil his service obligations (though deficient), and plaintiff's *pro se* status, the Court finds that good cause exists for the failure such that delayed service of process does not support dismissal of plaintiff's claims against the King County defendants. See Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the [service] failure, the court must extend the time for service for an appropriate period.").

## V. FEDERAL DEFENDANTS' MOTION TO DISMISS (DKT. # 46)

The federal defendants offer numerous arguments to support dismissal. See Dkt. # 46. The Court finds that dismissal is appropriate on the basis of the federal defendants' argument regarding failure to state a claim and declines to address the remainder of the federal defendants' arguments.

As stated above, plaintiff appears to be seeking relief pursuant to 42 U.S.C. § 1983 for violation of rights protected by the U.S. Constitution or created by federal statute, see Complaint ¶¶ 5, 22–25, but § 1983 provides relief against state actors, not federal actors. The federal defendants can only be liable under § 1983 where there is a "sufficiently close nexus between the State and the challenged action of the [federal defendants] so that the action of the latter may be fairly treated as that of the State itself." Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008). Even if the Court interpreted the allegations to show this nexus, plaintiff's claim against the federal defendants suffers from the same defect as his claim against the King County defendants regarding the lack of a federal constitutional right of access to the records at issue and the lack of a relevant federal statute actionable under § 1983. Therefore, plaintiff fails to state a claim for relief against the federal defendants. Accordingly, the Court GRANTS the federal defendants' motion to dismiss on this basis.[11]

---

[11] Even if the Court were to construe plaintiff's lone reference to FOIA as an attempt to assert a FOIA claim against federal defendants, plaintiff's claim would nevertheless fail because, while the USAO is a federal agency, plaintiff has not alleged that he has ever made a FOIA request, let alone exhausted administrative options under FOIA. 5 U.S.C. § 552(a)(2) (providing that an agency must

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 11

## VI. CITY DEFENDANTS' MOTION TO DISMISS (DKT. # 55)

The City defendants argue that plaintiff's claim is barred by res judicata and point to the King County Superior Court's summary judgment award in defendants' favor. Dkts. # 55, # 56.[12] Where a state suit is followed by a federal suit, "[f]ederal courts must give preclusive effect to state court judgments when the state courts would do so." Nyhe v. Campbell, No. C04-2049P, 2005 WL 1838626, at *2 (W.D. Wash. Aug. 1, 2005) (citing Allen v. McCurry, 449 U.S. 90 (1980)). In Washington State, "dismissal on the basis of res judicata is appropriate in cases where the moving party proves a concurrence of identity in four respects with the subsequent action: (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." MedChoice Risk Retention Grp. Inc. v. Katz, No. C17-387-TSZ, 2017 WL 3970867, at *10 (W.D. Wash. Sept. 8, 2017) (citing Rains v. State, 100 Wn.2d 660, 663 (1983)). Res judicata does not apply to claims that "arise out of a transaction separate and apart from the issue previously litigated." Nyhe, 2005 WL 1838626, at *3 (citing Schoeman v. New York Life Ins. Co., 106 Wn.2d 855, 859, (1986)). Notably, the City defendants refer in their motion to plaintiff's litigation of a records request he made in 2011. Dkt. # 55 at 4 (asserting that "[plaintiff] has litigated about his 2011 records request" and that "[p]laintiff's claims over a 2011 Washington Public Records Act request has had a full judicial

---

make records promptly available upon any request made in accordance with the agency's procedures); West, 448 F. Supp. 2d at 211 ("The failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust."). Additionally, "no provision under FOIA provides for an award of damages for alleged wrongs by federal agencies." Gasparutti v. United States, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998); see also O'Toole v. I.R.S., 52 Fed. App'x 961, 962 (9th Cir. 2002) (mem.) (concluding that plaintiff "failed to state a valid FOIA claim because he requested only monetary damages in this action, and the statute does not authorize such relief").

[12] The Court takes judicial notice of the King County Superior Court's summary judgment award in the City defendants' favor. Dkt. # 56; see Lee, 250 F.3d at 689 (observing that a court may take judicial notice of matters of public record without turning a Rule 12(b)(6) motion into a motion for summary judgment). The Complaint itself refers to the summary judgment award and appears to argue that summary judgment was legally incorrect. See Complaint ¶ 8–15.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 12

airing in state court"). The City defendants argue that res judicata bars "raising those same claims again here against the same party." Id. The City's summary judgment motion in the state superior court action, however, refers to four PRA requests in 2013 and 2014, but it does not refer to *any* requests from plaintiff made in 2011. See Dkt. # 56. The Complaint, meanwhile, refers both to records requests he made in 2013 and 2014, see Complaint ¶ 6, as well as to a request he made in 2011, Complaint ¶ 20 (associated with a complaint against SPD Officer Raftis), and other requests where the timing is less clear. See Complaint ¶ 19 (referring to an arson of plaintiff's recreational vehicle in November 2007 and a request "for the 911 records for the insurance company"), ¶ 21 (referring to an attack on plaintiff in July 2007 and a request "for the 911 recording the day after the arrest"). Construing plaintiff's Complaint liberally, as the Court must, at least some of the claims may "arise out of a transaction separate and apart from the issue previously litigated," which means res judicata would not apply to those claims. Nyhe, 2005 WL 1838626, at *3 (citing Schoeman, 106 Wn.2d at 859). Thus, the City defendants have not persuaded the Court that res judicata is a sound basis for dismissal of the Complaint.

Nevertheless, plaintiff's claims against the City defendants must be dismissed on other grounds. Plaintiff fails to state a claim upon which relief may be granted against the City defendants for the same reasons the Court articulated with respect to plaintiff's failure to state a claim against the King County defendants. See supra Section IV.C. Accordingly, the Court GRANTS the City defendants' motion to dismiss on this basis.

### VII. UNNAMED DEFENDANTS: JOHN AND JANE DOES 1–50

Nothing in the record indicates that any of the unnamed defendants have been served or have appeared, nor has plaintiff provided good cause for why service was not made within the 90-day deadline. See Fed. R. Civ. P. 4(m). Moreover, even if the unnamed defendants had been

served, no cognizable claim for relief has been stated against them. See Fed. R. Civ. P. 12(b)(6). Therefore, dismissal of claims against the unnamed defendants is also warranted.

## VIII. LEAVE TO AMEND

The Ninth Circuit has instructed that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Cooks, Perkiss & Liehe v. N. Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir. 1990). As a *pro se* litigant, plaintiff "must be given leave to amend his . . . complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court wishes to make clear that plaintiff's failure to file a timely response to defendants' motions is very troubling. In light of plaintiff's previous failure to timely address the merits of defendants' motions to dismiss, the Court is skeptical regarding plaintiff's ability to correct the defects described above but, in an abundance of caution, will *sua sponte* grant plaintiff leave to amend his Complaint.

## IX. CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's motion for reconsideration and relief from the deadlines associated with defendants' motions to dismiss (Dkts. #57) is DENIED.

(2) Defendants' motions to dismiss (Dkts. # 25, # 46, # 55) the Complaint are GRANTED, and it is DISMISSED without prejudice and with leave to amend. Any amended complaint is to be filed no later than 30 days after the date of this Order. If plaintiff fails to make such a filing, plaintiff's claims will dismissed with prejudice.

IT IS SO ORDERED.

DATED this 5th day of May, 2021.

                               */s/ Robert S. Lasnik*
                               Robert S. Lasnik
                               United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR VARIOUS RELIEF - 15