Honorable Robert S. Lasnik

FILED
LODGED
RECEIVED
MAIL

JUN 03 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Gene Alfred Palmer II )
 )
　　　　Plaintiff, )
 ) NO. 219 CV 01777 RSL
　　　　v. )
 ) SECOND AMENDED
 ) COMPLAINT FOR DAMAGES AND
King County, a municipal ) DEMAND FOR JURY & DECLARATION
corporation; King County ) OF SERVICE
Prosecutor's Office, a )
subdivision of King County, )
a municipal corporation; )
Seattle Police Department, a )
subdivision of City of Seattle )
a municipal corporation; )
Jenny Durkan and Jane Doe )
Durkan her wife, individually )
and as former U.S. Attorney; )
US Attorney's Office; )
SPD Officer Colleen Raftis and )
Husband John Doe Raftis; )
and John and Jane Does 1 )
through 50 inclusive, )
　　　　Defendants. )
 )

COMES NOW the plaintiff, Gene Alfred Palmer II, Pro Se and for cause of action against

defendants states as follows:

SECOND AMENDED COMPLAINT - 1

SECTION ADDED in this SECOND Amended Complaint with no changes to other sections:

## U.S. SUPREME COURT RULES UNANIMOUSLY YOU MAY SUE GOVERNMENT AGENTS FOR DAMAGES WHEN THEY VIOLATE YOUR INDIVIDUAL RIGHTS.

In a unanimous opinion, Tanzin v Tanvir, 592 U.S. ___ , 141 S. Ct. 486, (2020) the Court ruled that individuals may seek damages as a remedy when federal officials violate their rights. Suits for damages against government officials are the historical cornerstone of government accountability are often the only way to vindicate constitutional rights. In the context of suits against government officials, damages have long been awarded as appropriate relief. And that has been true not only for state and local officials, but also federal officials. Moreover, the court highlighted that damages are important because they are often the only remedy available. The court also reiterated its support for the foundation principle of this country, such as that damages can be awarded to check the government's power and that it is Congress to engage in policy making. The court's job is to interpret the law, government officials are not above the law. If citizens must follow the law, then the government must follow the constitution.

In the U.S. Supreme Court case *Brownback v. King*, 592 U.S.___ (2021), it similarly ruled that courts are to stay true to this nation's original promise by allowing a plaintiff who was brutally beaten by police his day in court to hold accountable the government workers who violated his constitutional rights for the harm they caused me.

Here, the government defendants and officials defendants are liable for violating the constitutional rights of plaintiff as explained in the Complaint below by keep required public

SECOND AMENDED COMPLAINT - 2

records from me, destroying records, losing records, physically beating me, and leaving me for dead and not seeking any medical attention, failing to take action against Washington Mutual in the loss of his house, etc. etc., explained below. Regarding Colleen Raftis, the FBI has referred the case for a grand jury on possible charges of attempted murder in the second degree, aggravated assault in the first degree, and a hate crime and perjury in the first degree. The matters were referred to the FBI by Federal Judge David O. Carter (explained below) and Senator Maria Cantwell. The medical bills alone for the 29 day coma, treatment and rehabilitation came to $1,783,000.83 damages owed to Plaintiff. The photos of his condition from the beating taken by the Washington State Patrol and provided to the FBI and to Judge Lasnik already show the unspeakable trauma from the government officials' actions against Plaintiff. Brownback v King dictates and overrules any dismissal of any of the defendants here by Judge Lasnik.

## GOVERNMENTS AND THEIR AGENTS CANNOT ESCAPE FEDERAL LAW AND FEDERAL COURT REVIEW HERE

In White v Experian Information Solutions, Inc. U.S. District Court for the Central District of California, Southern Division, Case No. 8:05-cv-01070 VOC (MLGx), (lead case) ( affirmed by the 9th Circuit Court of Appeals 12/12/19 in case NO. 18-55606 --docket No. 1171 in the US District court case),  a consolidated class action lawsuit against Experian, Equifax, and TransUnion LLC,  Judge David O. Carter  ruled on 4/6/2018 (Docket No. 1135, 48 pages)  that Defendants violated the Fair Credit Reporting Act (FCRA) and state laws by failing to employ reasonable procedures to assure maximum possible accuracy in reporting debts discharged in bankruptcy or by failing to properly investigate disputes from consumers

SECOND AMENDED COMPLAINT - 3

regarding such debts. The Court decided that the Class includes all consumers who have received an order of discharge of Chapter 7 bankruptcy and who between March 15, 2002 and May 11, 2009 were not reported as discharged in bankruptcy.

Plaintiff was caught up in this case as a class member meeting all of the requirements and several governments, government officials, and agents actors are responsible for creating and reporting debts reporting to credit companies alleging L&I debt that had been discharged in his bankruptcy. His United States Bankruptcy court Chapter 13 converted to Chapter 7 # 00-00481 TTG and Discharged May 25, 2002 was Upheld by Presiding Judge Thomas T. Glover of the United States Bankruptcy Court Western District of Seattle and by Karen A. Overstreet, Presiding Judge United States Bankruptcy Court in his Chapter 13 #08-10112-#07-14713 Discharged Nov 28, 2012. When lawyers for WA AG ,L&I,Snohomish county, falsely arrested me on Indian reservation land contrary to 1/25/21 US Supreme Court 6 to 3 McGrit v. OKlahoma ,18-9526, which dismissed all state cases and lower courts cases involving Indian lands [The court ruled that the US has no authority regarding arrests/criminal cases on Indian land, as they are a sovereign nation. The Federal government has waived immunity. 7/9/20 the US Supreme court first vacated all rulings regarding Indian reservation Defendants in State Courts. This means that the Snohomish County criminal case brought against me regarding L&I payments has been vacated because I lived on the Tulalip Indian Reservation from 8/2002 until November 2009. I was arrested for the charge in about 2007 when I lived on the Tulalip Indian Reservation. Snohomish County must vacate my Alfred plea and entire case.My Father registered me in Oklahoma with the Cherokee Indian tribe, my grandma in Oslo, Norway, registered me as a dual citizen because my mother is from Norway; I am Cherokee.] and beat me in Snohomish county Jail and conspired with L&I and

SECOND AMENDED COMPLAINT - 4

my union INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 292, AND DISTRICT COUNCIL OF LABORERS WASHINGTON AND NORTHERN IDAHO to make false claims against me for L&I overpayment fraud and working while receiving payments ( contrary to the Whistleblower Act /Sarbanes - Oxley Settlement May 31,2005 case 05-00481-1, which is non-appealable) and had me held at Werstern State and improperly and illegally administered me drugs ( found by Judge Marsha Pechman in Washington State Mental Health Class Action, No. 14-cv-01178 MIP on Dec 12, 2018; Upheld by Judge Gerald M. Etchingham) and improperly prosecuted me in The State of Washington v. Palmer in Snohomish County superior Court #07-1-00525-5 Hon. Castleberry, BUT and Thomas T Glover, Presiding Judge entered Default Judgment in favor of Gene Palmer against Snohomish County/ Risk Management Case No. 15-01145 United States Bankruptcy Court Western District of Washington ( and now not appealable) and when Gene Palmer went back into the bankruptcy court with an Adversarial Case # 15-0-01145 against L&I because their claim of $10,300 had been discharged by Judge Karen A. Overstreet, United States Bankruptcy Court Chapter 13 #08-10112-#07-14713 Discharged Nov 28, 2012, but they were still suing and relying on a state court judgment for same and Judge Christopher M. Alston ruled in favor of WA State and Snohomish County ,but Judges Castleberry Alston's judgments and rulings were Overruled ,Vacated,and dismissed with prejudice Effective date April 6th 2018 by Hon. David O. Carter, US District Judge Court in Action in White v. Experian , supra, as a discharged debt cannot be reported to credit companies or collected upon. In so ruling, Judge Carter has overruled and reversed the rulings of Judge Christopher Alson in bankruptcy and in Snohomish County Superior Court any dismissals of defendants in Palmer v. Milnor in this court before Judge Jones in #2:19-cv-00961-RAJ and Judge Lasnik herein.

SECOND AMENDED COMPLAINT - 5

Regarding **statute of limitations**, there is nothing in 49 U.S.C section 1983 or other U.S.C.s allowing constitutional rights violations lawsuits that spell out any statute of limitations.

In recent months, the United States Supreme Court has softened its protections of **quasi-immunity** of prosecutors, especially when violations of constitutional rights are involved.I, in two cases, the Supreme Court allowed inmates to sue prison guards, who had immunity by lower courts, from accusations of violation of US Constitution 8th amendment prohibition against cruel and unusual punishment.

In November 2020, it <u>overturned</u> a federal court decision giving qualified immunity to a group of prison guards who <u>locked</u> a naked inmate in a cell filled with "massive amounts" of human feces and another cell overflowing with raw sewage (*Taylor v. Riojas (No. 19-1261)* 141 S. Ct. 52, (2020)). And February, the Court <u>reversed</u> another federal ruling—which granted qualified immunity to a correctional officer who pepper-sprayed an inmate without provocation—and told the 5th Circuit Court of Appeals to reconsider. (*McCoy v. Alamu*, 950 F. 3d 226 (2021).

Furthermore, on 3/10/21, the US House of Representatives passed legislation that eliminates law enforcement immunity.

## JURISDICTION AND VENUE

1. Plaintiff is a resident of Washington State.

SECOND AMENDED COMPLAINT - 6

2.      Defendants are residents of King County and US defendants are actors in Washington State. All acts or omissions of the defendants who are married are liability of spouses alleged.

3.      That defendants John and Jane Does 1 through 50, inclusive, individuals or entities are sued under fictitious names, their true names and capacities being unknown at this time to the plaintiff who is informed and believes and thereon alleges that said defendants are responsible in some manner for the events and happenings referred to herein, and will ask leave of the court to amend this complaint to show their true names and capacities when the same has been determined. Each such defendant may have been the agent and/or employee of a remaining defendant and was acting within the course and scope of such agency and/or employment.

4.      The court has proper jurisdiction over the defendants and is the proper venue herein due to the residence of the defendants and the place of acts or omissions alleged.

5.      Jurisdiction and venue is proper in the Western District Court of Washington pursuant to 42 USC 1983; 28 USC 1343 (1),(3); 28 USC 1367 (a) and US Constitutional Amendments: First, Fifth, Ninth, and Fourteenth.

## FACTS

6.      On or about May 28, 2010, plaintiff was involved in an accident in Seattle, Washington. He and at least one other witness called 911 and reported the accident and his injury and assault by Andy Lee. On 6/5/10 plaintiff gave authority to the Seattle Police Department to collect the 911 recordings and they did so. Supposedly, the records for the 911 calls were destroyed by the 911 system and are no longer available through them. Seattle Police Department personnel say that they provided it to the King County Prosecutor's Office.

SECOND AMENDED COMPLAINT - 7

Said Office declined to bring a criminal case and wrote a declining memo indicating that they had received the 911 records. They supposedly transferred the file to the Seattle City Attorney's Office, which supposedly does not have them. Additionally, the Seattle Police Department received a file from State Farm Insurance Company regarding Andy Lee's purchasing of insurance through them for the subject of 5/28/10 loss and supposedly the Seattle Police Department transmitted this file to the King County Prosecutor's Office. Plaintiff and his attorney repeatedly (e.g. 9/3/13 and 11/21/14) requested full and complete copies of the King County Prosecutor's Office file regarding the 5/28/10 incident involving Andy Lee and plaintiff and related materials, including the 911 records and the Andy Lee State Farm file and neither documents were ever produced. This in violation of the Public Records Act RCW 42.56.et seq.

7. A free democracy requires government disclosure of records. Lady justice may be blind-folded, but even she needs to read government records to do justice.

8. Appellant requested records from the government, which the government admitted existed and then did not produce because they said they did not exist anymore. I sued in King County Superior Court and the government won on summary judgment. Other arms of the government found the fraud in destroying and hiding the records by the government and ultimately disclosed this to the appellant after holding that information for some time, but appellant brought a motion to vacate within a reasonable time after he finally discovered it just recently (2-3 months) before he filed his motion. The trial court denied the motion. The Washington Court of Appeals denied the appeal in error thinking that appellant had the information for 16 months when that was actually the government who had that. This was

SECOND AMENDED COMPLAINT - 8

pointed out very clearly in the motion for reconsideration, but it was denied in a word. The Washington State Supreme Court denied the petition for review within this last month.

9. In the Washington Court of Appeals 3/4/19 decision at page 7 the court stated that in my "own declaration, Palmer was aware of the purported indictments and fraudulent activity on May 4, 2016.... Here, Palmers 16-month delay in filing his second CR60(b) motion was lengthier than the delay in Luckett. Also, like Luckett, Palmer has no justifiable excuse for the lengthy delay in filing his motion to vacate.... We hold that Palmer's second motion to vacate was not filed within a reasonable time... denying it on CR60(b)(4) and (11) grounds."

10. This is factually incorrect. While the second CR60(b) motion was filed 16 months after the May 2016 summary judgment, it was indeed filed within a "reasonable time." The court is incorrect in stating that I was aware of purported indictments and fraudulent activity on May 4, 2016. My declaration, dated August 27, 2017, clearly stated that I had only "recently" learned of this from the U.S. Marshalls.

11. In five places in my declaration dated 8/27/17 I stated very clearly that I only discovered the new evidence of fraud etc. by defendants "recently" to that date. I only discovered these things that summer and brought the CR60(b) motion that very summer.--- within 2 or 3 months of discovery and certainly not 16 months. And this is "reasonable time" for filing:

First set of two references to recent time in declaration:

12. The grounds for vacating the two summary judgment orders of 5/6/16 herein are based on new developments regarding the defendants' King County attorneys Robin Fox and Samantha Kanner fraud, perjury, obstruction of justice, etc. regarding the public disclosure request of plaintiff, the subject of the suit herein. The plaintiff RECENTLY found out they

SECOND AMENDED COMPLAINT - 9

were investigated by the FBI and the Department of the Justice and were RECENTLY indicted by a grand jury in the US District Court for the District of Columbia (Judge Reggie B. Walton overseeing the case) for probable cause conspiracy, making false statements, obstruction of justice, slander, defamation, perjury, and under 18 U.S.C. Title 101 Section 2071 regarding destroying records.

13. Second set of three references to "recent" time in declaration: and RECENTLY I learned that Samantha Kanner and Robin Fox were RECENTLY indicted by a grand jury in the US District Court for the District of Columbia (Judge Reggie B. Walton RECENTLY assigned the case) for probable cause conspiracy, making false statements, obstruction of justice, slander, defamation, perjury, and under 18 U.S.C. Title 101 Section 2071 regarding destroying records.

14. The U.S. Marshalls and federal agents never gave me any documents or any of this information in 5/16 or any time until RECENTLY before I filed my 8/27/17 declaration.

15. My justifiable excuse for the short delay in filing my motion after learning of these facts recently before filing is that the U.S. Marshalls and federal enforcement were doing their investigations and indictments and were not making this information available to me before that. The significance of the information is obvious and defendants should not get away with their fraud.

16. Pro se litigants pleadings are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, i.e. courts can reasonably read pleading to state valid claims on what litigants could prevail. It should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and construction, or litigants unfamiliar with pleading requirements. Freeman v. Dept of Corrections 949 F2d 360 10th Circuit (1991);

SECOND AMENDED COMPLAINT - 10

US v. Detrichs 940 F2d 37 2nd Circuit; Boag v. Maedouall 454 US 364 70 Lev 2d 551 102 ( 5th Cir) 700 (1989); Haines v. Kerner 404 US 579 30 LE 2nd 652925c 9th Circuit (1974).

## DEFENDANTS IN CONCERT

17. I allege that Jenny Durkan and the US Attorney's office acted in concert with Seattle Police Department and Seattle Attorney's Office and King County and King County Prosecutor's Office and SPD Officer Raftis to destroy and prevent me from receiving 911 recording and documents requested under public disclosures and acted to undermine or prevent causes of action against these parties and others. This is described more fully below. It is my understanding that then US Attorney Jenny Durkan, (who brought the Federal case United States v. City of Seattle, Case No. 2:12-cv-01282- JLR (W.D. Wash.) regarding SPD use of excessive force and other improper activities and SPD was placed by the Federal Court under supervision and monitoring for the last many years), destroyed numerous 911 recordings and documents and that this lead to her termination. I was covered by this class action suit and was damaged by her actions.

18. Clearly the government cannot destroy 911 recordings of open cases or cases on appeal when the public disclosure request has been put in. For example, see the recent case of ABEGG v. STATE OF WASHINGTON ET AL, Snohomish County 08-2-03753-1, a PDR case, David P. Mooney was the attorney, judge ordered WA to pay $100,000, they destroyed 911 recordings and withheld emails.

19. On 11/16/07 a Person arsoned my RV in Seattle. The City of Seattle turned the case over the King County Prosecutor's office who prosecuted STATE V. _____, King County Superior Court 07-1083916. Without telling me any of their plans and plea hearings in advance, King County Prosecutor's office got the defendant sentenced to three years instead of

SECOND AMENDED COMPLAINT - 11

10 years for using a bomb and they destroyed the 911 records. We asked for the 911 records for the insurance company and King County Prosecutor's Office told us that the records were destroyed. King County Prosecutor admitted during the later restitution hearing that King County destroyed the recordings. I was told of that hearing and was there. Later I was told that Jennie Durkan's office had actually destroyed the 911 recordings (the case had been sent to the US Attorney's office to consider a bombing charge). This shows a potential conspiracy between US Attorney's office and King County Prosecutor's office regarding the destruction of the 911 recordings.

20. In an 05/2/2011 email from Seattle Chief of Police confirming receipt of the complaint I filed against SPD Officer Colleen Raftis (Unit 623, badge number 5957) for the assault beating of me after she put a parking infraction on my RV which someone had stolen from Marysville and left on a Seattle street. The email goes on to state that the 911 recordings and other records about the are not avail for public disclosure until the case against officer Raftis is closed, but that in the mean time we can refer to this information under number 11-0154, criminal charges against officer Raftis were sent to King County Prosecutor's office for charging on 4/14/11. On 5/2/11 I requested the 911 recordings and records, but King County admitted they destroyed the records and I never got them. Jenny Durkan, the US Attorney, was ladyfriends with officer Raftis and made this destruction happen.

21. I was attacked on 7/22/07 in Seattle and called 911. It became Incident Number 07-299932. I put in a public disclosure request for the 911 recording the day after the arrest and the City of Seattle eventually told me that they had destroyed it and gave a lame excuse that the defendant had joined the military and was unavailable so they closed the file and destroyed the recording.

SECOND AMENDED COMPLAINT - 12

## CONSTITUTIONAL VIOLATIONS

22. The First Amendment guarantees access to public records. Often Freedom of Information Acts and Public Records Acts are seen as fulfilling broader First Amendment values, by facilitating speech about how the government operates and such information allows exercise of first amendment right to petition the government for a redress of grievances.

23. Civil liberties are protections against government actions. Government, then, cannot interfere in an individual's freedom and liberty. Amendment I gives the individual "liberty" from the actions of the government.

24. There are also many <u>liberties of people not defined in the Constitution</u>, as stated in the <u>Ninth Amendment</u>: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people. The right to information held by the government is central to democracy and government of the people and I retain that right and given rights under the Washington State Public Disclosure Act.

25. Due process rights under the fifth and fourteenth amendments and equal protection and privileges or immunities of the citizens of the United States thereunder are guaranteed to US Citizens. Here, the government and other defendants violation of my lawful right to the information requested violated all these protections and guarantees and the state courts have ignored my constitutional rights, which the Federal Court should correct here.

## DAMAGES

26. As a direct and proximate result of the defendants' acts or omissions, plaintiff has suffered damages and losses, including but not limited to daily penalties for nondisclosure of records of at least the maximum amount allowed under the law, all damages and losses

SECOND AMENDED COMPLAINT - 13

arising out of dealing with the Andy Lee criminal trial, appeal and hearings and the plaintiff's civil law suit and appeal against Andy Lee, and all other hearings and appeals of the underlying King County Superior Court suit, court of appeals case, petition to Washington State Supreme Court, and in this court and all reviews hereof, due to defendants' errors and omissions in not providing the requested records, including but not limited to, time spent, emotional distress, incurred fees and costs, and damages from severe physical injuries, emotional pain and suffering, mental anguish, loss of enjoyment of life, loss of wages, loss of earning capacity, and cost of health care expenses, past and future, and for the loss of consortium for all possible persons.

## PRAYER FOR RELIEF

27. WHEREFORE, the plaintiff prays for judgment against defendants, jointly and severally, and on behalf of their marital community/communities as follows:

   1. For past and future special damages;

   2. For emotional pain and suffering, mental anguish, and loss of enjoyment of life and reduction of expectancy;

   3. For all possible damages or losses of plaintiff rising out of the 5/28/10 accident, including, but not limited to, past and future partial or permanent disability, past and future medical, hospital and other health care expenses, lost wages, partial or permanent impairment of earnings and loss of earning capacity, property damage, and consequential and other damages of plaintiff.

SECOND AMENDED COMPLAINT - 14

4. For all possible damages or losses of plaintiff rising out of the assault by SPD Officer Raftis and the defendant in my RV arson case, and assault on 7/22/07 in Seattle (wherein I was denied my public disclosure and damaged thereby for a civil suit and an actual criminal suit brought against the defendant),including, but not limited to, past and future partial or permanent disability, past and future medical, hospital and other health care expenses, lost wages, partial or permanent impairment of earnings and loss of earning capacity, property damage, and consequential and other damages of plaintiff.

5. For all consequential and other damages of plaintiff arising out of defendants' acts and omissions;

6. For costs, attorney's fees and witness and expert fees under RCW 42.56. et seq., RCW 4.84 et seq., including but not limited to, RCW 4.84.250, the Civil Rules, caselaw and equitable principles; the court should award petitioner attorney's fees and costs under equity, Olympic Steamship case, and the civil rules and civil procedure statues; and pursuant to 42 USC 1983; 28 USC 1343 (1),(3); 28 USC 1367 (a) and US Constitutional Amendments: First, Fifth, Ninth, and Fourteenth.

7. For pre-judgment interest;

8. For any other relief the court deems just and equitable, or otherwise warranted by the proof in this case.

9. For an order granting plaintiff the right to amend his Complaint prior to trial, consistent with the evidence and additional information that might be revealed through discovery.

SECOND AMENDED COMPLAINT - 15

Dated this 1st day of June April, 2021.

S/ Gene A. Palmer

Gene A. Palmer II, Pro Se

Plaintiff

## DECLARATION OF SERVICE

I certify that on 6/1/21, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

U.S. District Court                  ( X ) U.S. Mail
                                                       ( ) Hand Delivery
Address:                            ( ) E-filing by e-mail
Clerk's Office
U.S. District Court
700 Stewart Street, Suite 2310
Seattle, WA 98101

Judge Lasnik Chamber Copy       ( X ) U.S. Mail
                                                       ( ) Hand Delivery
Address:                            ( ) E-filing by e-mail
C/O Clerk's Office
U.S. District Court
700 Stewart Street, Suite 2310
Seattle, WA 98101

Defendants

Jenny Durkan and Jane Doe Durkan her wife   ( X ) U.S. Mail
                                                                            ( ) Hand Delivery
Address:                                                         ( ) E-filing by e-mail

SECOND AMENDED COMPLAINT - 16

600 4th Ave, 7th Floor
Seattle, WA 98104

Counsel for Defendants

| | |
|---|---|
| Ann Marie Summers<br>Attorney for King County<br>And King County Prosecutor's Office<br><br>Address:<br>King County Prosecuting Attorney's Office<br>500 4th Ave Ste 900<br>Seattle, WA 98104 | ( X ) U.S. Mail<br>(   ) Hand Delivery<br><br>(   ) E-filing by e-mail |
| Brian G Maxey<br>Attorney for Seattle Police Department<br>City of Seattle, and Colleen Raftis<br><br>Address:<br>Seattle City Attorney's Office<br>701 Fifth Avenue Ste 2050<br>Seattle, WA 98104 | ( X ) U.S. Mail<br>(   ) Hand Delivery<br>(   ) E-filing by e-mail |
| Sarah K Morehead<br>Attorney for US Attorney's Office<br><br>Address:<br>US Attorney's Office<br>700 Stewart St Ste 5220<br>Seattle, WA 98101 | ( X ) U.S. Mail<br>(   ) Hand Delivery<br>(   ) E-filing by e-mail |

DATED this _ 1st_ day of __June __, 2021 at Ellensburg, Washington.

                                              Gene A. Palmer II, Pro Se
                                              Plaintiff

SECOND AMENDED COMPLAINT - 17

600 4th Ave, 7th Floor
Seattle, WA 98104

Counsel for Defendants

| | |
|---|---|
| Ann Marie Summers<br>Attorney for King County<br>And King County Prosecutor's Office<br><br>Address:<br>King County Prosecuting Attorney's Office<br>500 4th Ave Ste 900<br>Seattle, WA 98104 | ( X ) U.S. Mail<br>(   ) Hand Delivery<br><br>(   ) E-filing by e-mail |
| Brian G Maxey<br>Attorney for Seattle Police Department<br>City of Seattle, and Colleen Raftis<br><br>Address:<br>Seattle City Attorney's Office<br>701 Fifth Avenue Ste 2050<br>Seattle, WA 98104 | ( X ) U.S. Mail<br>(   ) Hand Delivery<br>(   ) E-filing by e-mail |
| Sarah K Morehead<br>Attorney for US Attorney's Office<br><br>Address:<br>US Attorney's Office<br>700 Stewart St Ste 5220<br>Seattle, WA 98101 | ( X ) U.S. Mail<br>(   ) Hand Delivery<br>(   ) E-filing by e-mail |

DATED this _ 1st_ day of __June __, 2021 at Ellensburg, Washington.

Gene A. Palmer II, Pro Se
Plaintiff

SECOND AMENDED COMPLAINT - 17



FILED
LODGED
RECEIVED **MAIL**
JUN 03 2021
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

**F**

US POSTAGE AND FEES PAID
FIRST – CLASS
Jun 01 2021
Mailed from ZIP 98926
6oz First–Class Pkg Svc Zone 2

12539227
CommercialBasePrice

stamps
endicia

06280010968112

## FIRST – CLASS PKG SVC

C028    0005

GENE A PALMER
101 S. PEARL ST.
APT 103
Ellensburg WA 98926


ELLENSBURG WA 98926
JUN -1 2021
USPS

SHIP TO:
JUDGE ROGER LASNICK
WSDC ATTN CLEARK OFFICE
700 STEWART ST
STE 2310 CHAMBER COPY
SEATTLE WA 98101 – 4439

*Courtesy Copy*

USPS TRACKING #



9400 1118 9956 0004 8907 89

 SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.    RRD RFZ 0521