UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENE ALFRED PALMER, II,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY, et al.,<br><br>    Defendants. | Case No. C19-1777RSL<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |

This matter comes before the Court on (1) "King County Defendants' Motion to Dismiss Second Amended Complaint" (Dkt. # 71), (2) "Federal Defendants' Motion to Dismiss" (Dkt. # 72), and (3) "Defendant City of Seattle's Motion to Dismiss Plaintiff's Second Amended Complaint" (Dkt. # 73). The Court, having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] finds as follows:

On November 1, 2019, plaintiff initiated this action against the following defendants: King County and the King County Prosecutor's Office (collectively, the "King County defendants"); the Seattle Police Department ("SPD"), SPD Officer Colleen Raftis and her husband John Doe Raftis (collectively, the "City defendants"); the United States Attorney's Office ("USAO"), Jenny Durkan individually and in her capacity as former U.S. Attorney, and

---

[1] The Court finds this matter suitable for disposition without oral argument.

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 1

her wife Jane Doe Durkan, (collectively, the "federal defendants"); and John and Jane Does 1 through 50 (collectively, the "unnamed defendants"). Dkt. # 1. Plaintiff alleged that he was involved in an accident on May 28, 2010, and that defendants "acted in concert" to destroy records related to this incident and to other incidents as well. Dkt. # 42 ¶¶ 6, 17, 19–21.[2]

On October 16, 2020, the Court issued an Order regarding various motions filed by plaintiff and defendants. The Court dismissed defendants Jenny and Jane Doe Durkan, as well as Colleen and John Doe Raftis, based on plaintiff's failure to effect proper service. Dkt. # 54. The Court also granted plaintiff's motion to continue the motions to dismiss filed by the King County defendants (Dkt. # 25) and the federal defendants (Dkt. # 46), and the motions were re-noted for November 6, 2020. On October 29, 2020, the City defendants filed a motion to dismiss noted for November 20, 2020 (Dkt. # 55).

On May 5, 2021, the Court issued an Order granting defendants' motions to dismiss (Dkts. # 25, # 46, # 55) and denying plaintiff's motion for various relief (Dkt. # 57). Dkt. # 66. The Court's Order concluded that plaintiff failed to state a claim upon which relief may be granted because plaintiff's Complaint lacked a cognizable legal theory. Id. The Court also explained the defects in plaintiff's Complaint and *sua sponte* granted plaintiff leave to amend his Complaint. Id.

Plaintiff filed a Second Amended Complaint ("SAC") on June 3, 2021. Dkt. # 69. Plaintiff's SAC is almost identical to his previous Complaint, except that the SAC contains a preamble citing inapposite cases. Id. The King County defendants, federal defendants, and City defendants filed motions to dismiss the SAC with prejudice. Dkts. # 71–73. Plaintiff failed to

---

[2] Plaintiff filed his first complaint with the Court on November 1, 2019, but it appears that the complaint he ultimately served on defendants was an amended version. See Dkts. # 33, # 33-1, # 33-2, # 35, # 35-1, # 36, # 36-2, # 37. The two versions appear identical in substance and appear to differ only in formatting (e.g., adding numbers to paragraphs, modifying the font and spacing, etc.). Compare Dkt. # 1 with Dkt. # 42. The Court cites the amended version (Dkt. # 42) in this Order and will refer to it hereinafter as the "Complaint."

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 2

respond to any of these motions to dismiss. The Court may treat this failure "as an admission that the motion[s] [to dismiss] ha[ve] merit." LCR 7(b)(2). Given that plaintiff's SAC still lacks a cognizable legal theory and relies on the same defective underlying allegations, dismissal is appropriate for the same reasons outlined in the Court's previous order granting defendants' earlier motions to dismiss. See generally Dkt. # 66. Because plaintiff has already received notice of his claims' deficiencies, has failed to correct them, and has failed to respond to defendants' most recent motions to dismiss, leave to amend will not be provided. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

For all the foregoing reasons, IT IS HEREBY ORDERED THAT defendants' motions to dismiss the SAC (Dkts. # 71–73) with prejudice are GRANTED, and the SAC is DISMISSED with prejudice and without leave to amend. The Clerk of the Court is directed to enter judgment for defendants and against plaintiff.

DATED this 19th day of July, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS - 3